East'n District.
*Jan.* 1824

Golis
*vs.*
HIS CREDITORS

GOLIS vs. *HIS CREDITORS.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action was commenced by the insolvent debtor on the 13th of May, 1823, praying that a meeting of his creditors might be called, and that he permitted to make them a surrender of his property, according to the statute of 1817, in relation to insolvent debtors

Where a party submits certain points as questions of law to be decided by the court, the admission of the facts on which the said points are grounded is to be taken for granted.

At the meeting before the notary, some of the creditors objected to the petitioner having the benefit of the act, and on a return of the proceedings into court, five of them, who are the appellees now before us, filed an opposition in which they alleged various grounds against the insolvents discharge; of these it is only necessary to notice an allegation that the "debtor was under an arre t when he made his application, and that he had fraudulently concealed his books and papers from his creditors.

If parties on going to trial agree on certain facts and investigate before a jury those on which they disagree, it is the duty of the court, when the verdict has established the contested facts, to take the whole of them together and pronounce its judgement on the case.

To this opposition the insolvent pleaded a general denial, and on the issue thus proved the cause stood until it came on for trial.

Before the cause was submitted the the jury the parties agreed that six of the grounds of

the opposition, among which was the allegation that the plaintiff was in actual custody, should be submitted to the decision of the court *as involving questions of law,* and that the five others, which depended on questions of fact, should be tried by a jury.

The jury rendered a verdict finding the plaintiff guilty of fraud in concealing his books as alleged in the accusation, and not guilty of the other charges.

A motion was made to set aside the verdict, on the ground that it was contrary to evidence —this motion was overruled.

And immediately after, one was filed in arrest of judgement, which was also, after argument, overruled, and judgement rendered, that the insolvent be deprived of the benefit of the laws of this state in relation to the cession of goods by a debtor to his creditors.

The 6th of September, thirteen days after this judgement was rendered, we find entered on the record a document called a demurrer by the parties, and on the same day an entry that, by the consent of counsel, the cause came on that day to be tried on the demurrer to the points of opposition, which on the trial before the jury had been reserved for the decision of the court.

GOLIS
vs.
HIS CREDITORS

On the 30th of the same month, the court rendered and ordered to be put on record another judgement, which states in substance that as Golis was in actual custody when he made the application under the act of 1817, the whole proceedings were void, *ab initio*, and therefore directed to be set aside and annulled.

The next document, which this volumnious record presents, is an affidavit from P. A. Cui-villier, Esq. counsel for the opposing creditors, which amounts in substance to an averment that he never consented to a demurrer being put in, that the paper handed him by the opposing counsel to sign, he thought, was nothing more than an acknowledgment that the parties had consented to submit to the court, without argument, the points of law in the case, that such was the statement made him by the opposite counsel, and that he had signed the paper, which the parties afterwards called a demurrer, without reading it.

On the reading and filing of this affidavit, the court ordered that the petitioners counsel shew cause why the demurrer, filed on the 6th of September, should not be withdrawn, and the judgement rendered on the 30th, set aside.

On the cause being thus opened, the oppos-

ing creditors came into court and filed a paper
which is difficult to designate, in which they
state that it was through error they alleged the
petitioner was in actual custody when he filed
his petition, the real fact being that he was at
that time out on bail, on the filing of this paper,
an other rule was taken on the petitioner to
shew cause why the judgement dismissing the
proceedings, should not be set aside.

After several motions made and entered up,
we find, on the 28th of October, an inter-
locutory judgement permitting the opposing
creditors to strike out all the grounds of op-
position, which by previous agreement, the
parties had submitted to the court on points of
law.

We omitted to mention that previous to this
last order, one had been made setting aside the
judgement of the 30th of September, and di-
recting that the cause remain open for trial be-
fore the court.

It is rarely we meet with a case which ex-
hibits so much confusion, as the one now be-
fore us.   A good deal of it has arisen from the
finding of the jury, for as soon as they had
established by their verdict that the debtor had

been guilty of fraud, it became the interest of the opposing creditors to abandon their other grounds of objection, particularly that which denied to the petitioner the right of claiming any benefit under the act of 1817, in consequence of his being in actual custody. While on the other hand it was of the first importance to the insolvent to have the cause decided against him on the latter ground, as the only means left to escape from the highly penal consequences following the verdict. Hence the strange proceedings this cause exhibits, and the extraordinary shifts to which both the appellant and appellees resorted; but the great source of irregularity was, the court not taking up at the same time the facts agreed on by the parties, and those found by the jury, and pronouncing the law on the entire case. From the manner in which it is now presented, our greatest difficulty has been in disentangling the point on which the cause really turns from the extraneous and irrelevant matter in which the parties have involved it.

It will simplify our investigation by getting clear of the paper which has been called a demurrer, and we have no difficulty in doing so. After the cause was at issue on the merits, and

East'uDistrict:
*Jan.* 1824.

Golis
*vs.*
HIS CREDITORS

the parties had agreed to try part of the case by the jury, and submit the rest to the court, we are clear that neither could alter the pleadings, without the consent of the other, and any change otherwise made, necessarily restored the parties to the same situation they were before the agreement as to the mode of trial was entered into. Because it is not improbable that the issues then made up, were the motives which induced the arrangement. This remark of course applies with equal force to the application of the opposing creditors to withdraw all the grounds of opposition, except those on which the jury had already passed in their favor; they had no right in our opinion to do so, unless they consented at the same time to set aside the verdict.

According to the statement of facts it appears that previous to the trial the counsel agreed, that four of their grounds of opposition *embracing questions of fact* should be submitted to the jury, and that *the questions of law* on the other grounds should be reserved for the court. The point for our decision is whether this agreement, to submit to the court as matters of law all the issues, except those specially put before the jury, is an admission of the facts so

submitted to the court.    We think there cannot be a doubt but it was.    If it were not, the agreement is unintelligible, and had no object.    For unless the facts were admitted, there was no law to pronounce.

This point settled, the other questions are easily disposed of.    The case then presents one which is of frequent occurrence, though rarely coming up in the shape this does, namely, where the parties on going to trial agree on certain facts, and proceed to investigate those on which they dispute before the jury.    Under such circumstances the duty of the court is after a verdict has established the contested facts, to take them, together with those agreed on, and pronounce their judgement on the whole case.

Pursuing that course, we find that the first ground of opposition, alleged on the part of the creditors, is that the petitioner was in actual custody at the time he applied for the benefit of the act of 1817.    This fact being admitted by the agreement to submit the law on it to the court, we are of course bound to say that the insolvent could not claim the benefit of this law, and consequently cannot be punished under it.

It is therefore ordered, adjudged, and de-

creed, that the judgment of the parish court be annulled, avoided, and reversed, and that the petition of said Golis be dismissed with costs in the court below, and that the appellees pay those of the appeal.

*Trabuc* for the plaintiff, *Cuvillier* for the defendants.